# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2022

Lyle W. Cayce
Clerk

No. 21-60070
Summary Calendar

Jorge Villatoro-Barrios; Norvin Julio Villatoro-Castillo,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A208 566 753; A208 566 754

Before Southwick, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Jorge Villatoro-Barrios and his son Norvin Julio Villatoro-Castillo petition for review of a decision from the Board of Immigration Appeals denying asylum, withholding of removal, and protection under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Convention Against Torture.  We DISMISS the petition in part and DENY the petition in part.

FACTUAL AND PROCEDURAL BACKGROUND

Villatoro-Barrios and Villatoro-Castillo ("Petitioners") are citizens of Guatemala who entered the United States in December 2015.  They were soon apprehended by the Department of Homeland Security, which commenced removal proceedings by serving both with notices to appear, charging them as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present without admission or parole.

At a hearing before an immigration judge ("IJ") in February 2017, the Petitioners admitted the factual allegations and inadmissibility charge in their Notices to Appear.  The IJ sustained the inadmissibility charge.  In June 2017, Villatoro-Barrios filed for asylum, statutory withholding of removal, and protection under the Convention Against Torture ("CAT"), with Villatoro-Castillo as a derivative beneficiary.  Both Petitioners testified in support of the applications for relief and protection at a hearing in 2019.  The IJ denied the applications in 2019, finding (1) that the application for asylum was timebarred because Villatoro-Barrios had failed to show that he filed the application within one year of his December 2015 entry, or that an exceptional circumstance otherwise excused the delay, and (2) that, in the alternative, Villatoro-Barrios was ineligible for asylum on the merits.

The IJ then found that because Villatoro-Barrios was unable to demonstrate eligibility for asylum, he was also unable to establish eligibility under the higher standard of proof required for withholding of removal under 8 U.S.C. § 1231(b)(3).  Next, the IJ found that Villatoro-Barrios's testimony that he had experienced threats without physical harm did not support that he was tortured.  The IJ also found he had failed to establish that it was more likely than not that he would be tortured if returned to Guatemala.  Finally,

No. 21-60070

the IJ found that the Petitioners "did not have the necessary documents to demonstrate that they would be able to travel back to Guatemala" and denied the request for voluntary departure in the alternative.

With assistance of counsel, the Petitioners appealed the decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed, though it did not rely on the IJ's findings regarding the time bar for asylum. It adopted and affirmed the remainder of the IJ's decision. The BIA then found that the IJ's factual findings were not clearly erroneous and that the Petitioners' arguments on appeal were not persuasive. The present petition for review followed.

## DISCUSSION

W review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review the BIA's factual determinations for substantial evidence and conclusions of law *de novo*. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003). The BIA's factual determinations may not be reversed unless the court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (quotation marks and citation omitted).

We will consider in this order the Petitioners' four main arguments: (1) that the Petitioners showed exceptional circumstances and a lack of proper notice, meriting an exception to the one-year filing deadline; (2) that the BIA erred in denying their application for withholding of removal; (3) that the BIA erred in denying the Petitioners relief under the CAT; and (4) that the IJ and BIA erred in not granting the Petitioners voluntary departure.

First, the argument that the IJ's finding that the application for asylum was timebarred is not properly before this court. The BIA explicitly stated that it was not adopting the IJ's finding that the Petitioners did not establish

statutory eligibility for asylum. Because we review the BIA's decision except to the extent that the IJ's ruling influences the BIA, we need not consider whether the IJ erred in finding that the application was timebarred. *See Singh*, 880 F.3d at 224.[1]

Next, the Petitioners argue that the BIA erred in denying the applications for withholding of removal. Among other statutory eligibility requirements for withholding of removal, an applicant generally must show that the persecution comes from a government actor or its proxies, though the scope of qualifying persecution extends to groups that "the government is unable or unwilling to control." *See Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992). The IJ found that because the Petitioners admitted never seeking assistance from the government because they were afraid to do so, "they never gave the government the opportunity to assist them and as such cannot demonstrate that the government was unable or unwilling to help them." The BIA adopted that finding. The Petitioners make no argument regarding this key element of their claim on appeal and abandon a line of argument crucial to their success. *Soadjede*, 324 F.3d at 833. Accordingly, they cannot demonstrate entitlement to withholding of removal.[2]

Third, the Petitioners argue that the BIA erred in denying relief under the CAT as it is "more likely than not" that they would be tortured if removed to Guatemala. *See* 8 C.F.R. § 208.16(c)(2). The BIA adopted the

---

[1] The Petitioners do not argue that the BIA erred in adopting the IJ's denial of asylum on the merits. This argument is thus abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

[2] Even had the Petitioners made such an argument, a panel of this court has held that a "subjective belief that it would have been futile to report the abuse to authorities, based on [the applicant's] testimony . . . is not sufficient to compel a conclusion that [a] government was unable or unwilling to protect [the applicant]." *Arevalo-Velasquez v. Whitaker*, 752 F. App'x 200, 202 (5th Cir. 2019).

IJ's finding that the Petitioners had failed to show the requisite likelihood of torture or state action. The Petitioners, though, do not identify meaningful record evidence that would compel a different conclusion. We thus find the BIA's conclusion is supported by substantial evidence.

Finally, the Petitioners argue that the BIA violated the Petitioners' due process rights in denying their request for voluntary departure. A denial of a request for voluntary departure is not usually reviewable on appeal, though we do have jurisdiction to review *colorable* due process claims pertaining to such determinations. *See* 8 U.S.C. § 1252(a)(2)(D). As with other claims, these claims also must be adequately exhausted with the BIA. *See id.* at § 1252(d)(1). Although the Petitioners had counsel on appeal with the BIA, neither their notice of appeal nor their brief to the BIA raised any challenge whatsoever to the IJ's denial of voluntary departure. The Petitioners thus failed to give the BIA a chance to address the claims, and the claims are unexhausted. *See Omari v. Holder*, 562 F.3d 314, 321–22 (5th Cir. 2009).

\*\*\*

The petition for review of the BIA's asylum, withholding of removal, and CAT decision is DENIED, and the petition for review of the BIA's voluntary departure decision is DISMISSED as unexhausted.